United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 09, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 23-34586 |
| | § | |
| LBU FRANCHISES CORPORATION, | § | Chapter 11 |
| | § | |
| DEBTOR. | § | Subchapter V |
| | § | |

## ORDER CONFIRMING THE DEBTOR'S
## SUBCHAPTER V PLAN OF REORGANIZATION DATED MAY 10, 2024

On July 8, 2024, the Court held a hearing to consider confirmation of the *Plan of Reorganization Dated May 10, 2024,* (the "Plan") (ECF. No. 87) filed by LBU Franchises Corporation d/b/a Light Bulbs Unlimited (the "Debtor" and, as reorganized by the Plan, the "Reorganized Debtor"). In connection with the confirmation of the Plan, the Court has considered the Plan, the evidence presented, and the record of this case, including the declaration of David Bekker in support of the Plan (ECF No. 96). The Court, having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, after notice and a hearing, the Court confirms the plan without non-consensual third party releases.

### FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and General Order 2012-6 of the United States District Court for the Southern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the *Order Continuing Confirmation Matters* (ECF No. 89) (the "Confirmation Hearing Order") were served upon all

creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the Federal Rules of Bankruptcy Procedure, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the Confirmation Deadlines was necessary or required.

D. **Objections to Confirmation**. No parties timely objected to confirmation of the Plan.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Section VI of the Plan provides adequate means for the Plan's implementation.

J. **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**. Section X.B of the Plan provides for the Reorganized Debtor to continue to be governed under the Debtor's *Articles of Incorporation* and *Bylaws*, which do not permit the issuance of non-voting equity securities and provide an appropriate distribution of power amongst equity security holders.

K. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Section V of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

M. [intentionally omitted].

N. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

---

[1] Capitalized terms used in this Order that are not otherwise defined shall have the same meanings they are given in the Plan.

O. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

P. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Debtor has complied with § 1189 because it filed a plan not later than 90 days after the order for relief under Chapter 11.

Q. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the Debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Reorganized Debtor to make payments under the proposed plan for reorganization. Notwithstanding the provisions of 11 U.S.C. § 1194, the Plan provides for all plan payments to be made by the Reorganized Debtor. Under the circumstances, the Court finds that this satisfies the requirements of § 1190(2).

R. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under § 1191(a). With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

   i. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent complies with the applicable provisions of the Bankruptcy Code.

   ii. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

   iii. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection

with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

    iv.    **11 U.S.C. § 1129(a)(5)**.  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or trustee of the Debtor, or Reorganized Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the Reorganized Debtor, and the nature of any compensation for such insider.

    v.    **11 U.S.C. § 1129(a)(6)**.  The Debtor is not subject to any governmental regulatory commission with jurisdiction over its rates, and thus this section does not apply.

    vi.    **11 U.S.C. § 1129(a)(7)**.  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

    vii.    **11 U.S.C. § 1129(a)(8)**.  With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

    viii.    **11 U.S.C. § 1129(a)(9)**.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides for the payment of Administrative Claims and Priority Claims in accordance with the requirements of 11 U.S.C. § 1129(a)(9)(A), (B), (C), and (D).

ix. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

x. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or the Reorganized Debtor.

xi. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

xii. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The plan is confirmed under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a) the provisions of the Plan as of the Effective Date, bind the Debtor, the Reorganized Debtor, all Creditors, any equity security holders of the Debtor, and all parties to the Plan, whether or not the claim or interest of such Creditor, or equity security holder is impaired under the plan and whether or not such Creditor, or equity security holder, has accepted the Plan.

3. **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Order, as of the Effective Date, all the property of the estate vests in the Reorganized Debtor. Except as otherwise provided in the Plan or in this Order, after

confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of Creditors.

4. **Assumption of Executory Contracts**. Pursuant to section V of the Plan, all the Debtor's executory contracts and unassumed leases shall be assumed upon entry of this Order pursuant to 11 U.S.C. § 365(a).

5. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Order, on and after the Effective Date, the Reorganized Debtor may operate their business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedures and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Reorganized Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. The Reorganized Debtor may also settle or compromise any claims without Court approval.

6. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Order, as of the Effective Date, the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d).

7. [intentionally omitted]

8. **No Nonconsensual Third Party Releases**.  The plan is amended to provide that only creditors who filed ballots (See ECF No. 95) and elected not to opt out of Plan Releases i.e. the parties who consented to third party releases are subject to section VII of the Plan.  **Non-voting creditors are not bound by either the release provision or any injunctive provision of section VII**.

9. **Disbursing Agent**.  The Reorganized Debtor shall be the Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan.

10. **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.  Furthermore, this Order modifies the Plan as follows:

a. The definition of "Effective Date" in section 1.15 of the Plan is amended to provide that the "Effective Date" shall mean fourteen days after the date of the entry of this Order.

b. The definition of "Releasing Party" in section 1.24 of the Plan is amended to provide that a "Releasing Party" shall mean: (a) the Debtor; (b) the Reorganized Debtor; (c) all holders of Claims entitled to vote under the Plan and that vote to accept the Plan and did not opt out of releases in their ballots.

c. Section III.D.1 is amended to provide that Class 3A consists of the holders of Allowed Unsecured Claims totaling less than $50,000 in aggregate.

11. **American Express.** Notwithstanding anything to the contrary in the Plan or this Order, nothing in this Plan shall be deemed to make American Express National Bank ("American Express") a "Releasing Party." All non-debtor parties liable on American Express's claims against the Debtor under applicable law, including Janice Bekker, shall remain liable to American Express and nothing in this Plan or Order shall be construed as releasing or limiting non-debtor parties' liability to American Express. Moreover, David Bekker agrees to guarantee the payment of all amounts owed by the Debtor and Janice Bekker to American Express on account ending in -3002. This is a guaranty of payment and not of collection; and David Bekker's liability is primary not secondary. Finally, David Bekker shall release American Express from any claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities, whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, whether existing nor or hereafter, arising in law, equity, contract, tort, or otherwise.

12. **Service of Confirmation Order**. The Debtor or Reorganized Debtor is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the

entry of this Order.  Such service shall constitute satisfaction of the requirements of Federal Rule of Bankruptcy Procedure 3020(c)(2).

13. **Documents Required to Effectuate Plan**.  The Debtor and/or Reorganized Debtor are authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

14. **Discharge of the Trustee**.  Pursuant to 11 U.S.C. § 1183, the service of the Trustee in the case shall terminate when the Plan has been substantially consummated.  Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Trustee, the United States trustee, and all parties in interest notice of such substantial consummation.

15. **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

   a. Enter any order necessary or appropriate to implement and enforce the provision of the Plan, and to resolve any disputes arising from the implementation of the Plan.

   b. Adjudicate modifications of the plan under 11 U.S.C. § 1193;

   c. Hear and allow all applications for compensation to professionals and other Administrative Claims;

   d. Resolve all issues regarding Claims objections, and any issues arising from the assumption/rejection of executory contracts or unexpired leases;

   e. Adjudicate any cause of action which the Debtor may own;

   f. Resolve any disputes with respect to any and all injunctions created and releases effectuated by the Plan;

   g. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

   h. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan, including orders resolving any adversary proceedings or contested matters concerning defaults under the Plan.

Signed: July 09, 2024

Jeffrey P. Norman  
United States Bankruptcy Judge